UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 DEC 22 P 2: 34

U.S. DISTRICT CT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **FILED EX PARTE AND UNDER SEAL** |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| THOMAS VIGLIATURA, ) | 05-CR-40033-FDS |
| MATTHEW MCLAUGHLIN, ) | |
| BRIAN BENEDICT, and ) | |
| HERIBERTO ARROYO, ) | |
| Defendants. ) | |

**MOTION FOR EX-PARTE FINDING AND
ENDORSEMENT OF MEMORANDUM OF LIS PENDENS**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, moves for a finding that the Forfeiture Allegation contained in the Indictment and Bill of Particulars in the above-entitled action constitutes a claim of right to title or the use and occupation of the real property located at 118 Santoro Road, Worcester, Massachusetts, with all buildings, appurtenances, and improvements thereon, more fully described in the deed found in Book 22357, Page 248 at the Worcester County Registry of Deeds (the "Santoro Road Property"). The United States also moves for the endorsement of said finding on the attached Memorandum of Lis Pendens.

As grounds for this motion, the United States submits that the requested findings and endorsement of the memorandum of Lis Pendens are required under Massachusetts law regulating the recording and registration of memorandum of Lis Pendens, Mass. Gen. Laws ch. 184 §15. The endorsement will enable the United States to file the Lis

12-23-05
allowed

[signature]

Pendens in the appropriate land registration office to give third parties notice of this pending action and of the United States' forfeiture claim to and against the interests of defendant Thomas Vigliatura (the "Defendant") and others, in the Santoro Road Property. A proposed Lis Pendens for the Santoro Road Property is attached for consideration by the Court. Massachusetts General Laws Chapter 184, Section 15, also allows for the filing of the instant Motion ex parte because there is a danger that the Defendant, if notified in advance of the endorsement of the Memorandum of Lis Pendens, will convey, encumber, damage or destroy the Arch Street Property or the improvements thereon.

    Additionally, Massachusetts General Laws, Chapter 184, Section 15 requires that any notice of Lis Pendens recorded at the Registry of Deeds bear an endorsement by a justice of the court before which the action is pending, acknowledging that "the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon . . . ." Endorsement of a notice of Lis Pendens does not constitute a comment on the merits of the underlying case. See Sutherland v. Aolean Development Corp., 399 Mass. 36, 40, 502 N.E.2d 528, 531 (1987). In Sutherland, the Supreme Judicial Court of Massachusetts held that the only issues involved in the endorsement process are "'what is the subject matter of the action,' and does it consist of a claim of right to title or use and occupation of real property."

Id. at 40. A <u>Lis Pendens</u> does not purport to create a new right, interest or remedy in the litigant filing the memorandum of <u>lis pendens</u>. <u>Debral Realty, Inc. v. DiChiara</u>, 420 N.E.2d 343, 346 (Mass. 1981). It is merely a mechanism to put potential purchasers on notice of litigation concerning the property. Id. at 348.

The United States relies upon the Indictment returned on July 27, 2005, against Defendant Thomas Vigliatura, and others, charging Conspiracy to Distribute and to Possess with Intent to Distribute GHB and GBL, in violation of 21 U.S.C. §846 (Count One); Conspiracy to Possess Cocaine and 3,4 methylenedioxymethamphetamine/MDMA (Ecstasy), in violation of 21 U.S.C. §846 (Count Two); and, Possession with Intent to Distribute and Distribution of GBL and GHB, in violation of 21 U.S.C. §841(a)(1) (Counts Three through Six). The Indictment also contained a forfeiture allegation, which, as a result of the offenses alleged in Counts One and Three through Six of the Indictment, and pursuant to 21 U.S.C. §853, sought the forfeiture of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. Such property specifically included the Santoro Road property[1].

---

[1] A Bill of Particulars was filed on December 9, 2005 to correct typographical errors of the property description.

Consequently, this action constitutes a claim of right to title to the Santoro Road Property.

WHEREFORE, the United States requests that this Court approve and endorse the proposed findings on the attached Memorandum of <u>Lis Pendens</u>.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: _____
>GEORGE W. VIEN
>JENNIFER H. ZACKS
>PAUL G. CASEY
>Assistant U.S. Attorneys
>U. S. Attorney's Office
>John Joseph Moakley
>United States Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA  02210
>(617) 748-3100

Date: December 22, 2005