## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | CR No. 05-40033-FDS |
| HERIBERTO ARROYO | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S REVISED REQUEST FOR JURY INSTRUCTIONS

The United States of America submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government requests that the Court instruct the jury in accordance with the proposed instructions, in addition to other instructions normally given. The government reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ George Vien
George Vien
Assistant U.S. Attorney

May 23, 2007

**GOVERNMENT'S PROPOSED INSTRUCTION:**

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

**AUTHORITY**: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.01 (1998 Edition).

1

**GOVERNMENT'S PROPOSED INSTRUCTION:**

<u>**OVERVIEW OF THE CASE**</u>

In this case, the Defendant is charged with conspiring to distribute and to possess with intent to distribute the controlled substance GHB and its analogue GBL.  The Defendant is also charged with conspiracy to possess cocaine and Ecstasy.

GOVERNMENT'S PROPOSED INSTRUCTION:

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime or crimes with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to

3

be drawn from that evidence. The Defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit him. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict the defendant.

**Authority**:    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.02 (1998 Edition).

4

**GOVERNMENT'S PROPOSED INSTRUCTION:**

**PROPOSED INSTRUCTION:  WHAT IS EVIDENCE; INFERENCES**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

**Authority:**    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.04 (1998 Edition).

GOVERNMENT'S PROPOSED INSTRUCTION:

**KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL**

There are two kinds of evidence:  direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**Authority**:     Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.05 (1998 Edition).

6

## GOVERNMENT'S PROPOSED INSTRUCTION:

## <u>WHAT IS NOT EVIDENCE</u>

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5)  The indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  You will have that indictment before you in the course of your deliberations

7

in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that a defendant has been indicted is no evidence whatsoever of his or her guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

**Authority:**    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.08 (1998 Edition).

GOVERNMENT'S PROPOSED INSTRUCTION:

<u>CREDIBILITY OF WITNESSES</u>

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

**Authority:**    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.06 (1998 Edition).

9

GOVERNMENT'S PROPOSED INSTRUCTION:

**STIPULATIONS**

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

**Authority:**     Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.01 (1998 Edition).

10

GOVERNMENT'S PROPOSED INSTRUCTION:

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT**

You have heard evidence that before testifying at this trial, a witness made a statement concerning the same subject matter as his or her testimony in this trial.  You may consider that earlier statement to help you decide how much of the witness's testimony to believe.  If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that affects the believability of the witness's testimony at this trial.

**Authority**:    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.02 (1998 Edition).

11

GOVERNMENT'S PROPOSED INSTRUCTION:

**IMPEACHMENT OF A WITNESS TESTIMONY BY PRIOR CONVICTION**

You have heard evidence that a witness has been convicted of a crime.  You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to that witness's testimony.

**Authority**:    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.03 (1998 Edition)

**GOVERNMENT'S PROPOSED INSTRUCTION:**

**<u>CAUTION AS TO COOPERATING WITNESS TESTIMONY</u>**

You have heard the testimony of several of the government's witnesses who participated in the crimes charged against the defendant and provided evidence under agreements with the government.  Some people in this position are entirely truthful when testifying.  Still, you should consider this testimony with care and caution.  When evaluating the credibility of such a witness, you may consider whether he had reason to make up stories or exaggerate what others did to be helpful to law enforcement.

**Authority**:    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.07 (1998 Edition).

GOVERNMENT'S PROPOSED INSTRUCTION:

## WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from persons described as experts. An expert has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

**Authority**:    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.06 (1998 Edition).    This instruction is based upon Eighth Circuit Instruction 4.10.

14

**GOVERNMENT'S PROPOSED INSTRUCTION:**

**"ON OR ABOUT" and "IN OR ABOUT"- EXPLAINED**

The Indictment charges that the offense in Count One was committed from "[f]rom in or about the Summer of 2000, and continuing until in or about the Summer of 2004." Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

**Authority:** Adapted from Devitt, Blackmar, Wolff, and O'Malley, Federal Jury Practice and Instructions, §13.05 (4th ed. 1992).

GOVERNMENT'S PROPOSED INSTRUCTION:

**LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE**

Although the Indictment charges in the conjunctive "and," that is, it says that the defendant knowingly and intentionally conspired with others to possess with intent to distribute <u>and</u> to distribute GHB and GBL, the government only needs to prove in the disjunctive "or." In plain English, it is sufficient for the government to prove that the defendant conspired to possess GHB and GBL with intent to distribute it <u>or</u> conspired to distribute GHB and GBL.

**Authority:** <u>United States v. McCann</u>, 465 F.2d 147, 162 (5th Cir. 1972); <u>Fields v. United States</u>, 408 F.2d 885, 887 (5th Cir. 1969).

16

GOVERNMENT'S PROPOSED INSTRUCTION:

**<u>DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY</u>**

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

**Authority**:     Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.03 (1998 Edition).

17

GOVERNMENT'S PROPOSED INSTRUCTION:

<u>CONSPIRACY</u>

A conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two persons to violate the law by some joint or common plan or course of action.  The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve some unlawful purpose.

The crime of conspiring to violate Title 21, United States Code, Section 846 is independent from the crime of actually distributing these substances.  The law refers to the object of the conspiracy -- in this case, the distribution or possession with intent to distribute a controlled substance or controlled substance analogue -- as the substantive crime.

**AUTHORITY:**    Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶19.01 (1993).  <u>See</u> <u>also</u> <u>United States v. Flores-Rivera</u>, 56 F.3d 319, 324 (1st Cir. 1995)(elements of conspiracy to import cocaine established, absent actual importation of cocaine, where there was knowing and voluntary participation in conspiracy, and intent to effectuate object of conspiracy), <u>citing</u>, <u>United States v. Piper</u>, 35 F.3d 611, 615 (1st Cir. 1994), (defining "intent to commit" object of conspiracy as "an intent to effectuate the commission of the substantive offense.  A defendant need not have had the intent to personally commit the substantive crime.")

GOVERNMENT'S PROPOSED INSTRUCTION:

**CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND
TO DISTRIBUTE GHB and GBL
CONSPIRACY TO POSSESS COCAINE AND 3,4-
METHYLENEDIOXYMETHAMPHETAMINE (MDMA) ("Ecstasy")**
[21 U.S.C. § 846]

Defendant is accused in Count One of the indictment of conspiracy to possess with intent to distribute and to distribute GHB, a Schedule I controlled substance, and GBL, a controlled substance analogue. Defendant is accused in Count Two of the indictment of conspiracy to possess cocaine and 3,4-methylenedioxymethamphetamine (MDMA), more commonly known as "Ecstasy." It is against federal law to conspire with someone to commit either of these crimes. Unless I say otherwise, my instructions with respect to the laws of conspiracy relate to both Counts One and Two, but you should consider them separately in your deliberations.

In order for you to find the defendant guilty of conspiracy, you must be convinced that the government has proven both of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between the defendant and at least one other person to possess with intent to distribute or to distribute (Count One) or simply possess (Count Two) a controlled substance or controlled substance analogue; and

19

Second, that the defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed -- that is to say, with bad purpose, either to disobey or disregard the law -- not to act by ignorance, accident or mistake.  The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy:  an intent to agree, and an intent, whether reasonable or not, that the underlying crime be committed.  Mere presence at the scene of a crime is not enough alone, but you may consider it among other factors.  Intent may be inferred from the surrounding circumstances.  Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words or actions.

20

You need not find that the defendant agreed specifically to, or knew about all the details of, the crime, or knew every other co-conspirator, or that he participated in each act of the agreement, or played a major role, but the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

     The government does not have to prove that the conspiracy succeeded or was achieved.  The crime of conspiracy is complete upon the agreement to commit the crime to possess with intent to distribute or to distribute a controlled substance – in this case GHB -- or, along the lines I will soon instruct you, a controlled substance analogue, which the government alleges GBL to be in this case.

     The term possess means to exercise authority, dominion or control over something.  The law recognizes different kinds of possession. Possession includes both actual and constructive possession.  A person who has direct physical control of

something on or around his person is then in actual possession of it.  A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term possession in these instructions, I mean constructive as well as actual possession.

Possession also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word possession in these instructions, I mean joint as well as sole possession.

**Authority**:    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §§4.03, 4.22 (1998 Edition).

GOVERNMENT'S PROPOSED INSTRUCTION:

**ACTS AND DECLARATIONS OF CO-CONSPIRATORS**

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.

A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.  This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

23

However, before you consider the statements or acts of a coconspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

**Authority**:   United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir.  1977); L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-9 (1990); United States v. Angiulo, 847 F. 2d 956, 969 (1st Cir. 1988) ("As long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of.").    Devitt  and  Blackmar,  Federal  Jury  Practice  and Instructions, §14.13 (3d ed. 1977).

24

**GOVERNMENT'S PROPOSED INSTRUCTION:**

**<u>PUNISHMENT</u>**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

**Authority**:     L. B. Sand, <u>Modern Federal Jury Instructions:</u> <u>Criminal</u>, §9-1 (1990).

25

**GOVERNMENT'S PROPOSED INSTRUCTION:**

**<u>GHB AND ECSTACY: SCHEDULE I CONTROLLED SUBSTANCES</u>**

As a matter of law, I instruct you that GHB and Ecstasy ("MDMA") are both Schedule I controlled substances.  You must take these as facts.

**Authority:**     21 U.S.C. §§ 802(6), 802(32), 812, 813.

GOVERNMENT'S PROPOSED INSTRUCTION:

**COCAINE: SCHEDULE II CONTROLLED SUBSTANCE**

As a matter of law, I instruct you that cocaine is a Schedule II controlled substance.  You must take this as a fact.

**Authority**:    21 U.S.C. §§ 802(6), 812.

27

**GOVERNMENT'S PROPOSED INSTRUCTION:**
**LEGAL TREATMENT OF CONTROLLED SUBSTANCE ANALOGUES**

Count One of the indictment states that gamma-butyrolactone (GBL) is a "controlled substance analogue" of gamma-hydroxybutric acid (GHB). The following instructions relate to the meaning of "controlled substance analogue."

In considering the impact of these definitions, you should know that Title 21, Section 813 of the Controlled Substances Act, under which the Defendant is charged here, provides that "[A] controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I."

I instruct you that GHB is a controlled substance in Schedule I. You must accept that as a fact. If you find that GBL is a controlled substance analogue of GHB, then it is treated for purposes of the law just like the controlled substance GHB.

GOVERNMENT'S PROPOSED INSTRUCTION:

## PURPOSE OF THE CONTROLLED SUBSTANCES ANALOGUE ACT

The purpose of the Controlled Substance Analogue Enforcement Act of 1986 is to make illegal the production and distribution of designer drugs or slightly modified drugs that have not been scheduled but have the same effects and dangers as scheduled controlled substances and that would otherwise escape the reach of the drug laws.

**Authority:**      United States v. Hodge, 321 F.3d 429, 437 (3d Cir. 2003).

**GOVERNMENT'S PROPOSED INSTRUCTION:**

**CONTROLLED SUBSTANCE ANALOGUE – DEFINED**

To find that GBL is a controlled substance analogue in this case, you must find beyond a reasonable doubt that GBL:

1.  Has a chemical structure that is substantially similar to the chemical structure of a controlled substance in Schedule I or II – in this case the controlled substance GHB; <u>and</u> <u>either</u>

2.  Has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II – in this case, GHB; <u>or</u>

3.  Was represented or intended by the defendant to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II – again, in this case, GHB.

The term "substantially similar," as used in the statute, is defined as the term is used in everyday language. "Substantially similar" does not mean "exactly the same." There obviously will be differences in chemical structures between the substances being compared. Thus, some level of difference is acceptable

30

between the analogue and the substances being compared.

When deciding whether a substance has a chemical structure that is substantially similar to the chemical structure of a controlled substance in Schedule I or II, you may consider the effects that the substance has on the human body and whether the substance transforms into a controlled substance upon ingestion.

It is solely a question for you, the jury, to determine whether or not the Government has proven beyond a reasonable doubt that GBL is a controlled substance analogue as alleged in this case.

**Authority**:    21 U.S.C. §§ 802(32), 813. Regarding the definition of "substantially similar": <u>United States v. Washam</u>, 312 F.3d 926, 930-31 (8th Cir. 2002) ("The term 'substantially similar,' as used in the statute, does not mean 'exactly the same.' There obviously will be differences in chemical structures between an 'analogue' chemical and a schedule I or II chemical. If two chemicals' structures are exactly the same, the chemical in question would no longer be an 'analogue,' but instead it would be the same chemical as the listed chemical.  Thus, some level of difference is acceptable between an analogue's chemical structure and a proscribed chemical's structure."); <u>United States v. Brown</u>, 279 F. Supp.2d 1238, 1240-41 (S.D. Ala. 2003) ("Since the Analogue Act does not indicate that the term 'substantially similar' is to be defined as it is used scientifically, the court will interpret those words as they are used in everyday language").

Regarding reliance by the jury on the conversion of one substance to another in the body when comparing chemical structures, see <u>United States v. Fisher</u>, 289 F.3d 1329, 1339 (11th Cir. 2002) ("It is also undisputed that upon ingestion, GBL

converts into a GBL metabolite: GHB.  Therefore, this Court finds
that GBL upon ingestion meets the definition of a controlled
substance analogue as its chemical structure and effect upon the
central nervous system are substantially similar to GHB, a Schedule
I controlled substance."); United States v. Washam, 312 F.3d 926,
932 (8th Cir. 2002) ("While the effects on the human body must be
similar in order to satisfy the second part of the statute, this
does not prevent consideration of the effects on the human body
when determining whether the chemical satisfies the 'substantially
similar' requirement of the first portion of the law.  In this
regard, we think it is extraordinarily relevant that the 1,4-
Butanediol transforms into GHB upon ingestion with similar physical
results."); United States v. Brown, 279 F. Supp. 2d 1238, 1243
(S.D.Ala. 2003) (applying Fisher); United States v. Niemoeller, No.
IP 02-09-CR-1 H/F, 2003 WL 1563863, at *5 (S.D. Ind. Jan. 24, 2003)
(not published) ("consideration of structural similarity does not
or should not take place in a vacuum," and a consideration of
similarity in effect "may be considered in evaluating structural
similarity.  ... Consideration of such effects does not, in this
court's view, conflate two distinct statutory requirements, but
instead allows a pragmatic approach consistent with the Act's
concerns about experiments with human consumption of organic
compounds.").

GOVERNMENT'S PROPOSED INSTRUCTION:

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

**Authority**:     Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.01 (1998 Edition).

GOVERNMENT'S PROPOSED INSTRUCTION:

<u>CONSIDERATION OF EVIDENCE</u>

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

**Authority**:     Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.02 (1998 Edition).

**GOVERNMENT'S PROPOSED INSTRUCTION:**

**<u>REACHING AGREEMENT</u>**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of

35

course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

**Authority**:    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.03 (1998 Edition).

GOVERNMENT'S PROPOSED INSTRUCTION:

<u>RETURN OF VERDICT FORM</u>

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[The Court then reads verdict form].**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

**Authority:**    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.04 (1998 Edition).

37

**GOVERNMENT'S PROPOSED INSTRUCTION:**

<u>**COMMUNICATION WITH THE COURT**</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority**:    Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.05 (1998 Edition).

Respectfully submitted,


MICHAEL J. SULLIVAN
United States Attorney


By:   /s/ George Vien
      George Vien
      Assistant U.S. Attorney
      617-748-3260


Dated: May 23, 2007