## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
|  | ) | |
| v. | ) | **Criminal No.** |
|  | ) | **05-40033-FDS** |
| HERIBERTO ARROYO, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

## JURY INSTRUCTIONS

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

In following my instructions, you must follow all of them, and not single out some and ignore others. They are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

Every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a fundamental principle of our system of justice.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to prove that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.

This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt. The defendant does not have to prove that he is innocent, or even present any evidence.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of the defendant. You may not convict the defendant if the government fails, or is unable, to establish beyond a reasonable doubt any essential element of the crime charged against him.

You may not convict the defendant based on speculation or conjecture.

You may not convict the defendant if you decide that it is equally likely that he is guilty or not guilty. If you decide that the evidence would reasonably permit either of two conclusions—either that he is guilty as charged, or that he is not guilty—you must find the defendant not guilty.

You may not convict the defendant if you decide that it is only probable, or even strongly probable, that he is guilty. A mere probability of guilt is not guilt beyond a reasonable doubt.

The law does not require that the government prove guilt beyond all possible doubt; proof

3

beyond a reasonable doubt is sufficient to convict. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Again, the defendant is presumed to be innocent, and the government bears the burden of proving him guilty beyond a reasonable doubt. If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit him. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt as to his guilt, you should vote to convict him.

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a constitutional right not to testify. No inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## WHAT IS EVIDENCE; STIPULATIONS

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

## INFERENCES

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the plain statements made by witnesses or contained in the documents. In other words, you are not limited solely to what you saw and heard as the witnesses testified.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in light of common sense and personal experience. An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.

Any inference you draw must be reasonable. It may not be based on speculation or conjecture.

7

## KINDS OF EVIDENCE; DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence; that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both. It is for you to decide how much weight to give to any evidence.

8

## WHAT IS NOT EVIDENCE

Certain things are not evidence.

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2) Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses. The question and the answer taken together are the evidence.

(3) Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.

9

## THE INDICTMENT

This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. The fact that the defendant has been indicted is not evidence or proof of his guilt. The indictment is simply an accusation—it is the means by which the defendant is charged with a crime and brought before this court.

## VERDICT BASED SOLELY ON THE EVIDENCE

Your verdict must be based solely upon the evidence. In reaching your decision as to whether the government has sustained its burden of proof, it would be improper for you to consider anything that is not evidence.

You may not base your verdict on any personal feelings, prejudices, or sympathies you may have about the defendant or about the nature of the crime with which he is charged. Similarly, you may not consider or be influenced by any possible punishment that may be imposed on the defendant. Again, your verdict must be based solely on the evidence and according to the law.

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called, or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe, considering all of the evidence and drawing upon your common sense and personal experience. You may believe all of the testimony of a witness, or some of it, or none of it.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; any apparent fairness or unfairness they may have displayed; any interest they may have in the outcome of the case; any prejudice or bias they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other evidence that tends to support or contradict their versions of the events.

12

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. If a witness is shown to have given inconsistent statements concerning any material matter, you have a right to distrust that witness's testimony in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

If you find that a witness has given inconsistent testimony under oath on an earlier occasion, such as before the grand jury, you may consider that earlier statement for its truth or falsity, the same as any other testimony.

13

## EXPERT WITNESSES

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to given an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

## COOPERATING WITNESS

You have heard the testimony of cooperating witnesses—that is, persons who were actually involved in the activity that the indictment charges was a crime. The law allows the use of cooperating witness testimony. The government takes the position that it must take witnesses as it finds them and that persons who themselves take part in the criminal activity have the knowledge and information to establish the criminal behavior of others.

There has been evidence that at least one witness entered into an agreement with the government. Specifically, he testified in substance that he has been promised that, in exchange for his agreement to testify truthfully, the government will advise the sentencing court of his cooperation, and that he hopes to receive a reduced sentence as a result. The law allows the government to enter into such agreements, and to call as witnesses people to whom these promises are given.

However, a witness who was an alleged co-conspirator to the crime, and who has entered into an agreement with government, has an interest in the outcome of the case that is different from an ordinary witness. A witness who realizes he may be able to obtain his own freedom or receive a lighter sentence by giving testimony favorable to the prosecution has a motive to testify falsely.

Therefore, you must examine the testimony of witnesses who have entered into agreements with the government with caution and weigh such testimony with great care. As with any witness, it is entirely up to you to decide what weight, if any, to give that testimony. You may believe everything a witness says or only part of it or none of it. You, and you alone, are the judges of the credibility of the witnesses.

15

You are to draw no inferences of any kind about the guilt of the defendant on trial from the fact that a cooperating witness has agreed to plead guilty to the same or similar charges. Any person's decision to plead guilty was a personal decision about his or her own guilt.

## DRUG EVIDENCE

The court has received in evidence certain items that the government contends are controlled substances (or controlled substance analogues). Those items are in evidence, just like all the other exhibits. In accordance with the standard procedures of the court, those items will not be with you in the jury room when you deliberate. You may nonetheless treat those items as you would any other items of evidence, and consider them in the course of your deliberations. Should you desire to examine any or all of that evidence, please give a note to that effect to the court officer and we will make appropriate arrangements for you to do so.

## NOTE-TAKING

As I indicated at the beginning of the trial, you were permitted to take notes, but some cautions apply. You should bear in mind that not everything that is written down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Notes are an aid to recollection, nothing more; the fact that something is written down does not mean that it is necessarily accurate.

## CONSPIRACY - OVERVIEW

I am now going to give you instructions on the nature of the crimes charged in the indictment and the elements of the offenses that the government must prove beyond a reasonable doubt.

The defendant is charged with (1) conspiring to possess with intent to distribute gamma-hydroxybutyric acid (also known as GHB) and gamma butyrolactone (also known as GBL) and to distribute GHB and GBL and (2) conspiring to possess cocaine and 3,4–Methylenedioxymethamphetamine (also known as ecstasy). For simplicity's sake, I will refer to the substances by their common names.

Thus, the defendant is charged with participating in two separate conspiracies to violate the federal drug laws. As I will explain to you in a moment, a conspiracy is a type of agreement. Conspiring to violate the federal drug laws is a separate crime from violating the federal drug laws. In other words, it is a crime to possess a controlled substance with intent to distribute it; it is a crime to distribute a controlled substance; and it is a crime to possess a controlled substance. And it is also a crime to conspire to commit those crimes.

Again, the defendant is charged only with conspiracy crimes. He is not charged with the crime of possession with intent to distribute or distribution of GHB and GBL. Nor is he charged with the crime of possession of cocaine and ecstasy. Instead, those crimes are alleged to be the objects of the conspiracy. I will describe what that means in a moment.

19

## CONSPIRACY - AGREEMENT

A conspiracy is an agreement, spoken or unspoken. It does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

Mere similarity of conduct among various people, or the fact that they may have discussed common aims and interests, does not necessarily establish the existence of a conspiracy. Mere association with other persons, even persons involved in criminal activity, does not by itself establish the existence of a conspiracy.

## CONSPIRACY - OBJECTS

A conspiracy must have one or more criminal objects—that is, the agreement must have one or more criminal purposes. Here, the indictment charges (1) a conspiracy to possess with intent to distribute GHB and GBL and to distribute GHB and GBL and (2) a conspiracy to possess cocaine and ecstasy.

The government does not have to prove that the conspiracy succeeded or that its objects were achieved. The crime of conspiracy is complete once an agreement exists to commit the crimes that are its objects.

21

## CONSPIRACY - MEANING OF "WILLFULLY"

As I will explain in a moment, in order to find that the defendant committed any conspiracy charged in the indictment, you will need to find joined such an agreement "willfully."

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is, with a bad purpose, either to disobey or disregard the law. A defendant who acts through ignorance, accident, or mistake does not act "willfully." The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined either of the conspiracies: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.

Proof that defendant willfully joined in either of the agreements must be based upon evidence of his own words and/or actions. You need not find that the defendant agreed specifically to, or knew about, all the details of the crimes, or knew every other co-conspirator, or that he participated in each act of the agreement or played a major role. However, the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the conspiracy. Even if the defendant was not part of the agreement at the very start, he can be found guilty of a conspiracy if the government proves that he willfully joined the agreement later.

On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator. And mere presence at the scene of a crime, without more, is not enough to prove the defendant's criminal intent.

22

## CONSPIRACY - ELEMENTS OF THE OFFENSE CHARGED IN COUNT ONE

For you to find the defendant guilty of conspiracy charged in Count One of the indictment, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that an agreement existed between the defendant and at least one other person (1) to possess, with intent to distribute, GHB and GBL, or (2) to distribute GHB and GBL.

Second, that the defendant willfully joined in that agreement.

The agreement must be the agreement specified in the indictment, and not some other agreement or agreements.

23

## CONSPIRACY - AGREEMENT CHARGED IN COUNT ONE

The agreement charged in Count One of the indictment is an agreement, beginning in or about the summer of 2000 and continuing until on or about the summer of 2004, in Worcester, Massachusetts, and elsewhere between Thomas Vigliatura and others to possess with the intent to distribute, and to distribute, GHB and GBL.

For you to find the defendant guilty of this conspiracy, you must be convinced, among other things, that the government has proven beyond a reasonable doubt the existence of the agreement specified in the indictment, and not some other agreement.

## CONSPIRACY - OBJECTS OF THE CONSPIRACY CHARGED IN COUNT ONE

There are two crimes that are alleged to have been the objects of the conspiracy charged in Count I of the indictment: (1) the possession of GHB and GBL with the intent to distribute them and (2) the distribution of GHB and GBL. I will explain each crime in turn.

## POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE

It is against federal law to have a controlled substance in your possession with the intention of distributing it to someone else. It is also against federal law to have a controlled substance analogue, for purposes of human consumption, in your possession with the intention of distributing it to someone else. I will explain to you later what a "controlled substance analogue" is. For the purpose of these instructions, assume that when I refer to a "controlled substance analogue," I am referring to one that is intended for human consumption.

The elements of the crime of possession with intent to distribute a controlled substance (or controlled substance analogue) are:

First, that the defendant did possess a controlled substance (or controlled substance analogue);

Second, that he did so with a specific intent to distribute the controlled substance (or a controlled substance analogue) over which he had possession; and

Third, that he did so knowingly and intentionally; that is, that it was his conscious objective to possess the controlled substance (or controlled substance analogue) with intent to distribute it.

The term "possess" means to exercise authority, dominion, or control over something. A person who has direct physical control of something on or around his person is in possession of it.

26

## DISTRIBUTION OF CONTROLLED SUBSTANCE

It is also against federal law to distribute a controlled substance (or a controlled substance analogue). The elements of this crime are:

First, that the defendant distributed a controlled substance (or controlled substance analogue) to another person;

Second, that he knew that the substance was a controlled substance (or a controlled substance analogue); and

Third, the defendant acted intentionally, that is, that it was his conscious object to transfer the controlled substance (or controlled substance analogue) to another person.

The term "distribute" means to transfer something from one person to another.

## "CONTROLLED SUBSTANCE ANALOGUE" - DEFINITION

GHB is a "controlled substance" under federal law. The government does not need to prove that GHB is a controlled substance; you must accept this as fact.

GBL is not a "controlled substance" under federal law. Instead, Count One of the indictment alleges that GBL is a "controlled substance analogue" of GHB. It is up to you, the jury, to determine whether or not the government has proven beyond a reasonable doubt that GBL is a "controlled substance analogue" as alleged in this case.

To find that GBL is a "controlled substance analogue" of GHB, you must find the following beyond a reasonable doubt:

First, that GBL has a chemical structure that is "substantially similar" to the chemical structure of GHB; and

Second, either:

(a) that GBL has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of GHB; or

(b) that GBL was represented or intended by the defendant to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is "substantially similar" to or greater than the stimulant, depressant, or hallucinogenic effect on the nervous system of GHB.

The term "substantially similar" does not mean "exactly the same." In deciding whether a substance has a chemical structure that is "substantially similar" to the chemical structure of a "controlled substance," you may consider the effects that the substance has on the human body

28

and whether it transforms into a "controlled substance" upon ingestion.

To the extent that a "controlled substance analogue" is intended for human consumption, it should be treated as a "controlled substance" for purposes of the federal drug laws. Therefore, if you find that GBL is a "controlled substance analogue" of GHB, then it is treated for purposes of the law just like the "controlled substance" GHB.

29

## CONSPIRACY - MULTIPLE OBJECTS - NEED FOR UNANIMITY AS TO EACH

As I have indicated, the conspiracy charged in Count One is alleged to have had two objects: (1) possession of GHB and GBL with intent to distribute and (2) distribution of GHB and GBL. It is not necessary that the government prove the defendant guilty as to both of the alleged objects of the conspiracy. In other words, you may convict the defendant if the government proves beyond a reasonable doubt, a conspiracy to achieve the first object (possession with intent to distribute) only; or the second object (distribution); or both the first and the second objects (possession with intent to distribute and distribution).

You must, however, agree unanimously as to at least one of those objects before you may find the defendant guilty. In other words, you must unanimously agree that the government has proved a conspiracy to achieve the first object only (possession with intent to distribute); or the second objects only (distribution); or both the first and the second objects (possession with intent to distribute and distribution).

You may not convict the defendant if only some of you agree as to the object of the conspiracy. Thus, for example, if only eight of you agree as to the first object, and only eight of you agree as to the second object, you may not convict the defendant. But if you are unanimous as to one object, and not unanimous as to the other, you may convict, provided that all the other elements of the offense have been proved beyond a reasonable doubt.

## CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE - LESSER INCLUDED OFFENSE - CONSPIRACY TO POSSESS

I have just explained what the government must prove for you to convict the defendant of conspiracy to possess, with the intent to distribute, GHB and GBL. If your verdict is "not guilty" as to that charge, you should go on to consider whether the defendant is nonetheless guilty of the crime of conspiracy to possess GHB and GBL. Conspiracy to possess GHB and GBL is what we call a "lesser included offense" of the crime of conspiracy to possess GHB and GBL with intent to distribute.

For you to find the defendant guilty of the crime of conspiracy to possess GHB and GBL, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that an agreement existed between the defendant and at least one other person to possess GHB and GBL;

Second, that the defendant willfully joined in that agreement.

As I have explained, the term "possess" means to exercise authority, dominion, or control over something.

If your verdict is that the defendant is guilty of conspiracy to possess with intent to distribute GHB and GBL, you need not consider whether he is also guilty of conspiracy to possess GHB and GBL. Of course, if the government has not proved beyond a reasonable doubt that the defendant committed either offense, your verdict under Count One must be "not guilty."

31

## CONSPIRACY - ELEMENTS OF THE OFFENSE CHARGED IN COUNT TWO

For you to find the defendant guilty of conspiracy charged in Count Two of the indictment, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that an agreement existed between the defendant and at least one other person to possess cocaine and ecstasy.

Second, that the defendant willfully joined in that agreement.

Again, the agreement must be the agreement specified in the indictment, and not some other agreement or agreements.

## CONSPIRACY - AGREEMENT CHARGED IN COUNT TWO

The agreement charged in Count Two of the indictment is an agreement, beginning in or about the summer of 2000 and continuing until on or about the summer of 2004, in Massachusetts and elsewhere, between Thomas Vigliatura and others to possess cocaine and ecstasy.

I have already explained to you the meaning of the term "agreement."

## CONSPIRACY - OBJECTS OF THE CONSPIRACY CHARGED IN COUNT TWO

For Count Two, the object of the conspiracy is to possess cocaine and ecstasy.

Cocaine and ecstasy are controlled substances. It is against federal law to have cocaine and ecstasy in your possession. As I explained earlier, the term "possess" means to exercise authority, dominion, or control over something. A person who has direct physical control of something on or around his person is then in possession of it.

34

## CONSPIRACY - "WILLFULLY" - COUNT TWO

For Count Two, as for Count One, the government must prove beyond a reasonable doubt that the defendant "willfully" joined the agreement charged. I have already explained to you the meaning of the term "willfully."

## CONSPIRACY - "ON OR ABOUT" EXPLAINED

The indictment charges that the conspiracy offenses I just discussed were committed "on or about" or "in or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

36

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire, you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous—that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

38

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[The court explains the verdict form.]**

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. When you are communicating with me, please do not tell me -- or anyone else -- how the jury stands numerically until after you have reached a unanimous verdict.