UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
           v.                 )     CR. NO.: 05-40033-FDS
                              )
HERIBERTO ARROYO              )

### GOVERNMENT'S SENTENCING MEMORANDUM

The government files this Sentencing Memorandum outlining its position regarding the sentencing of defendant Heriberto Arroyo.  As stated in its objections to the Pre-sentence Investigation Report, the government does not take issue with the U.S. Probation Office's Guideline calculation.  But, the government believes that the Court should depart or deviate upwardly in sentencing the defendant because the defendant distributed some of the drugs he bought and because he committed his crimes while employed as a Worcester Police Officer.

Having presided at the trial of this case the Court is very familiar with the relevant facts.  The defendant, while employed as a Worcester Police Officer, regularly bought, used, and shared illegal drugs with his friends and drug associates.  He was privy to the inner workings of the drug ring operated by co-defendant Thomas Vigliatura and, despite having sworn to uphold the law, did absolutely nothing to stop Vigliatura's drug trafficking.

This Court's approach to sentencing following the Booker decision remains the standard in the First Circuit.  United States v. Booker, 543 U.S. 220 (2005).  In affirming the process

1

applied by this Court in <u>United States v. Jiménez-Beltre</u>, Crim.
No. 04-40011-FDS (D. Mass. Feb. 15, 2005) (Saylor, J.), the First
Circuit explained that a court should follow three steps in
sentencing a defendant: first, the court should use the
Guidelines to calculate the appropriate sentence range, then it
should determine whether departures are warranted under the
Guidelines, and finally the court should evaluate whether a non-
Guideline sentence is warranted by the relevant factors listed in
18 U.S.C. § 3553(a)(2000).  <u>See</u> <u>United States v. Jiménez-Beltre</u>,
440 F.3d 514, 516 (1st Cir. 2006).  This Court explained its
approach to assigning the appropriate weight to the Guidelines:

> I'm certainly treating the Guidelines as
> advisory, not mandatory, but I feel I need to
> start someplace, and that's where I'm going
> to start.  I do intend to give them
> substantial weight, but they don't have
> controlling weight; and if there are clearly
> identified and persuasive reasons why I
> should not impose a Guidelines sentence, I
> will consider those and impose a sentence
> accordingly.

<u>Id.</u> at 516-17.

The United States Probation Office correctly calculated the
Guideline range as 0 to 6 months in prison.  This range is
correct whether the Total Offense Level is 8, as determined by
the Probation Office, or 6, as suggested by defense counsel.

As stated in the government's objection to the Pre-sentence
Report, the government believes an upward departure would be
appropriate in this case.  The parties agree that the appropriate

2

starting point is Guideline provision U.S.S.G. § 2D2.1 (Unlawful
Possession; Attempt or Conspiracy).  Application Note 1 to that
provision states: "The typical case addressed by this guideline
involves possession of a controlled substance by the defendant
for the defendant's own consumption.  Where the circumstances
establish intended consumption by a person other than the
defendant, an upward departure may be warranted."  Here, it is
reasonable to infer that the defendant, on occasion, bought drugs
from defendant Thomas Vigliatura in quantities that indicate an
intent to distribute to others.  In addition, there is
substantial evidence to show that the defendant shared his
illegal drugs with other individuals.  Thus, an upward departure
would be appropriate pursuant to §2D2.1.

An upward deviation from the Guidelines would also be
appropriate.  Title 18, United States Code, Section 3553 states,
in relevant part, that:

> The court shall impose a sentence sufficient,
> but not greater than necessary, to comply
> with the purposes set forth in paragraph (2)
> of this subsection.  The court, in
> determining the particular sentence to be
> imposed, shall consider--
>     (1) the nature and circumstances of the
> offense and the history and characteristics
> of the defendant;
>         (2) the need for the sentence imposed–
>             (A) to reflect the seriousness of
>             the offense, to promote respect for
>             the law, and to provide just
>             punishment for the offense;
>             (B) to afford adequate deterrence
>             to criminal conduct;

> © to protect the public from
> further crimes of the defendant;
> and
> (D) to provide the defendant with
> needed educational or vocational
> training, medical care, or other
> correctional treatment in the most
> effective manner.

In this case, the clearly identified and persuasive reason to give a sentence above the Guideline range is that the defendant was a police officer when he committed his crimes. Looking to the 3553 factors, his status made a serious offense even more serious. It is one thing for a common drug addict to buy and share illegal drugs; it is quite another for a law enforcement officer, who has sworn to uphold the law, to do the same. Not only did he violate his own oath, he undermined the efforts of his colleagues in law enforcement, and he did so having had firsthand experience with the consequences of drug use. In addition, the defendant police officer, by using drugs and sharing drugs in such an open and notorious manner as the evidence established in this case, undermined respect for the law to a much greater degree than an average citizen who committed the same crimes would have done. See United States v. Roach, 201 F. Appx. 969, 976 (5th Cir. 2006) (affirming two-level upward departure because defendant was a district attorney who "prosecuted people for drug use while using drugs"); United States v. Moskal, 211 F.3d 1070, 1074-75 (8th Cir. 2000) (affirming upward departure where defendant attorney's crimes

4

caused "damage to the . . . public's confidence in the justice system"); <u>United States v. Pridgen</u>, 898 F.2d 1003, 1004 (5th Cir. 1990) (approving upward departure based on several factors, including fact that defendant "was a former law enforcement officer evidently conscious of the magnitude of his crime").

The government respectfully requests that the Court impose a sentence above the range determined by the U.S. Probation Office. The Court has the authority to sentence the defendant up to 24 months in prison.   The government believes a sentence of 18 months would be appropriate in this case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

DATED: August 29, 2007          /S/ George W. Vien
                                GEORGE W. VIEN
                                Assistant U.S. Attorney
                                HARRY MATZ
                                Senior Trial Attorney
                                U.S. Department of Justice

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 28, 2006.

<u>/s/ George W. Vien</u>
George W. Vien
Assistant U.S. Attorney